Mr. Justice Smith
delivered the opinion of the court.
This bill was filed in the vice-chancery court for the northern district. The material statements are: that William L. Wilson died seised of a considerable real estate. lying in the county of Holmes. That several judgments existed against him at the time of his death, on which executions had issued. That these executions were levied on a part of the lands, which was sold at sheriffs sale, when complainant became the purchaser. The remainder of the lands of Wilson was regularly assessed for the taxes due for 1841, which, not being paid, it was regularly advertised and sold by the tax collector, of said county, according to law, and complainant was the purchaser at the sale.
Wilson died intestate and without children, leaving a widow, Eliza G. Wilson, the defendant in error, who filed her petition for dower in the probate court of said county. Her petition was allowed, and a decree rendered allotting dower in the lands of which complainant was the purchaser at the sheriff’s and tax collector’s sale.
The bill avers, that Mrs. Wilson is not entitled to dower in these lands, particularly as it regards the portion sold for taxes, as the sale by the tax-collector passed the title unincumbered of her claim of dower; and prays an injunction to restrain her from enforcing the decree of the probate court.
The defendant answered, and the vice-chancellor on final hearing having dismissed the bill, the cause was brought up by writ of error.
The case presents a single point, that is, whether the vice-chancery court had jurisdiction to entertain the bill. There can be no question that it had not.
In a proceeding for dower in the probate court, the only parties who can contest the right of the petitioner are the representatives of the husband. If there be proof of marriage, of the seisin of the husband during coverture, of non-alienation on the part of the wife, and of the death of the husband, the widow as against his representatives, will be entitled to dower. As to them, the judgment will be binding and conclusive, unless reversed by a due course of procedure. But as this court is *693 essentially incapable of trying a contested question of titles, a stranger who would resist the claim of dower on the ground of paramount title in himself cannot be heard. Hence the decree for dower in favor of the defendant has in no respect whatever affected the rights of the complainant. The decree merely established that the petitioner was the widow of the deceased, having a right of dower out of his estate, not that the estate which is claimed by the complainant is subject to such right. If he should choose to do so, he may put her to her ejectment; or if she has obtained possession of her dower-land, he may resort to the same means for the purpose of asserting his title. James et al. v. Rowan, 6 S. & M. 402. The proper forum for this is a court of law, where the adjudication would in no wise be controlled, so far as the superiority of the respective titles is concerned, by the decree in the probate court. As the vice-chancery court had no jurisdiction of the case, it is unnecessary and perhaps improper to notice any other question raised in the argument.
Let the decree be affirmed.